

**FILED**
SEP 30 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| MELINDA L. MARSHALL,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | 3:16-CV-03026-CBK<br><br>OPINION AND ORDER<br>DENYING MOTION TO VACATE<br>AND ORDER DENYING<br>CERTIFICATE OF APPEALABILITY |

      Petitioner pleaded guilty to aiding and abetting second degree murder and was sentenced on May 9, 2005, to 228 months imprisonment. She appealed her sentence and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Marshall, 436 F.3d 929 (8th Cir. 2006).

      Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. She contends that she is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), wherein the United States Supreme Court struck down as unconstitutionally vague the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Johnson was made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

      I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### DECISION

**I. The Residual Clause of the Armed Career Criminal Act.**

      Chapter 44 of Title 18 of the United States Code sets forth the laws as to the manufacture, import, sale, and possession of firearms. Section 922(g) prohibits any person who has been convicted of a felony, is a fugitive from justice, is an unlawful user of or addicted to any controlled substance, has been adjudicated as having mental defects or has been committed to a mental institution, is an illegal alien, has been dishonorably discharged from the armed forces, has renounced United States citizenship, is subject to a restraining order, or has been convicted

of a crime of domestic violence from shipping, transporting, possessing, or receiving any firearm or ammunition. 18 U.S.C. § 924(g)(1)-(9).

The maximum custodial penalty for a violation of § 922(g) is ten years. 18 U.S.C. § 924(a)(2). An enhanced mandatory minimum penalty of 15 years custody applies if a prohibited person "has three previous convictions by any court referred to in section 922(g)(1) of this title **for a violent felony or a serious drug offense, or both**, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis supplied). That mandatory minimum penalty was enacted as part of The Armed Career Criminal Act of 1984 ("ACCA"), as amended.

> The term "violent felony" is defined as
>
>> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C.A. § 924(e)(2)(B) (emphasis supplied).

Section 924(e)(2)(B)(i) is known as the elements clause. Section 924(e)(2)(B)(ii) is known as the enumerated offenses clause. The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2556. The United States Supreme Court held in Johnson that the residual clause of the ACCA is unconstitutionally vague. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2557-60. The Johnson "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson v. United States, ___ U.S. at ___. 135 S.Ct. at 2563. The Supreme Court has held that Johnson is to be applied retroactively to cases under collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). However, only defendants who were subject to ACCA's mandatory minimum sentence because at least one of their prior convictions was for a violent felony as defined by the residual clause are entitled to collateral relief.

## II. Petitioner's case.

Petitioner's crime of conviction was not for an 18 U.S.C. § 922(g) offense and she was not subject to the mandatory minimum 15 year sentence provision of ACCA. The rule announced in Johnson v. United States does not afford petitioner any relief.

Petitioner received a two level enhancement for vulnerable victim which she contends increased her sentence by 40 months. She contends that Johnson determined that the enhancement is unconstitutional and vague. As set forth above, Johnson does not apply to the vulnerable victim enhancement. Johnson affords petitioner no relief.

### ORDER

Now, therefore,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT**:

Petitioner was convicted of aiding and abetting second degree murder. She was sentenced to 228 months imprisonment. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that she is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). I summarily denied the motion to vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right. The United States Supreme Court's decision in Johnson is not applicable because petitioner's sentence was not enhanced under the Armed Career Criminal Act.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. Any application for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Fed. R. App. P. 22.

DATED this 30th day of September, 2016.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge